■ STANLEY R. ROUCKEN, Respondent, v. ERIE RAILROAD COMPANY et al., Appellants.— In an action by a railroad employee to recover damages against (a) his employer, Erie Railroad Company, pursuant to the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 et seq.), and (b) Gil Wyner Co., Inc., the owner and operator of a tractor-trailer, Erie served a cross complaint for judgment over, alleging that Wyner had been actively negligent and had agreed to indemnify Erie. The jury rendered a verdict in favor of the employee against Erie and Wyner, and the court granted judgment over in favor of Erie on its cross complaint. Erie and Wyner appeal from so much of the judgment entered thereon, as amended by an order dated April 1, 1957, as is against them. Respondent, a flagman at a temporary crossing of a private road over the railroad right of way, was in a shanty which had been constructed by Wyner south of the southerly edge of the private road. While the tractor-trailer was proceeding westerly on the private road, a stone weighing 20 to 25 pounds became wedged between the fifth wheel of the tractor and the trailer, in such a position that the stone severed a hose carrying air which controlled the vehicle's braking, steering and dumping mechanisms, causing the vehicle to cross the roadway, demolish the shanty, and injure respondent. The action against Erie was based on the theory that it had not furnished respondent with a safe place to work, in that the shanty where he performed his duties was constructed too close to the roadway, and the shanty did not have a window facing easterly so that he could see vehicles approaching from the east. Amended judgment insofar as it is in favor of respondent against appellant Erie Railroad Company, and in favor of said appellant against appellant Gil Wyner Co., Inc., reversed, without costs, action severed, and complaint and cross complaint dismissed. Amended judgment insofar as it is in favor of respondent against appellant Gil Wyner Co., Inc., reversed and a new trial granted, with costs to abide the event, unless respondent within 10 days after the entry of the order hereon stipulate to reduce the verdict to $40,000, in which event the judgment as so reduced, is unanimously affirmed, without costs. In our opinion, neither the location of the shanty nor the absence of a window facing easterly may be said to have constituted negligence proximately contributing to the accident. Furthermore, that the truck going westerly would

veer to the left and go off to the south of the roadway was an event too remote to have been reasonably anticipated. Although the evidence was sufficient to present a question of fact as to the negligence of appellant Wyner in our opinion the verdict was excessive. For that reason, if the complaint were not being dismissed as against appellant Erie, a new trial would be granted as to that appellant. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.